CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 19 2017

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DAVID SAVAS,<br>    Petitioner, | ) ) ) | Case No. 5:17cv00115 |
| v. | ) ) | |
| DISTRICT COURT OF<br>COMMONWEALTH OF VIRGINIA,<br>AUGUSTA COUNTY, et al.,<br>    Respondents. | ) ) ) ) | By: Hon. Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

Petitioner David Savas, proceeding pro se, filed this petition for "Writ of Error – Order to Rescind Order – Void Judgement," challenging an unspecified order issued by Judge Rupen R. Shah of the General District Court of Augusta County. Although he also names Attorney John Hooe, III, and Darci D. Oberly as defendants, it is unclear what claims, if any, Savas alleges against them. Savas seeks leave to proceed in forma pauperis. Because he appears indigent, the court will **GRANT** Savas' motion to proceed in forma pauperis. However, after reviewing the complaint, the court will **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under 28 U.S.C. § 1915(e)(2)(B), district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." It is unclear from the face of the complaint what exactly Savas is asserting in this action, but it appears he takes issue with an order issued by Judge Shah, which order he believes should be

rescinded. The court is mindful of its obligation to construe pro se filings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, this liberal construction requirement does not mean the court can ignore a clear failure to allege facts setting forth a cognizable claim. See Weller v. Dep't of Soc. Serv., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may be properly addressed."). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see generally id. at 684-87 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Savas asserts no basis for this federal court's jurisdiction over this matter.[1] See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." (internal citations omitted)); see also Fed. R. Civ. P. 8(a) (a pleading that state a claim for relief must contain a short a plain statement of the grounds for the court's jurisdiction). The face of the complaint alleges no constitutional violation or violation of federal statute that would give rise to federal question jurisdiction under 28 U.S.C. § 1331. Nor are the few facts alleged suggestive of any other viable claim for relief, to the extent diversity jurisdiction may be inferred under § 1332.

---

[1] The civil cover sheet that accompanies Savas' complaint cites the basis for jurisdiction as "U.S. Government, plaintiff." ECF No. 2-1. But the U.S. Government does not appear to be a party to this case.

2

In any event, Savas has not alleged a claim upon which relief can be granted. The court has few details of the state court order with which Savas takes issue, and it has no insight whatsoever into nature of the underlying state court action in which that order was entered. However, the Rooker-Feldman doctrine generally prohibits lower federal courts from reviewing state court decisions. Friedman's, Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002).

> Under the Rooker–Feldman doctrine, lower federal courts may not consider either "issues actually presented to and decided by a state court" or "constitutional claims that are inextricably intertwined with questions ruled upon by a state court." [Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997)] (internal quotation marks omitted). Federal courts are divested of jurisdiction "where entertaining the federal claim should be the equivalent of an appellate review of the state court order." Jordahl [v. Democratic Party of Va.], 122 F.3d [192,] at 202 [4th Cir. 1997] (alterations and internal quotation marks omitted). Rooker–Feldman applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." Plyler, 129 F.3d at 733. Thus, "when a party sues in federal district court to readjudicate the same issues decided in the state court proceedings, that action is in essence an attempt to obtain direct review of the state court decision . . . in contravention of Rooker–Feldman." Brown & Root[, Inc. v. Breckenridge], 211 F.3d [194,] at 201 [(4th Cir. 2000)]. The label attached to the federal court action will rarely, if ever, be important, since a party that is seeking in federal court to readjudicate an issue decided in state court is unlikely to say so.

Id. Additionally, while he names "Attorney John Hooe III" and Darci D. Oberly as defendants, Savas states no claim for relief against these individuals or even mentions them by name in the body of his complaint.

3

Accordingly, the court finds no ground upon which it could grant Savas' petition and, therefore, dismisses this action. An appropriate Order will be entered.

Entered: 12/19/2017

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge